IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-cv-3253-RJD |
| | ) | |
| FIRST NATIONAL BANK OF WATERLOO, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court *sua sponte* on the issue of federal subject matter jurisdiction. *See Ruhrgas v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) ("[j]urisdiction is the 'power to declare law' and without it the federal courts cannot proceed"); *Hay v. Indiana State Bd. of Tax Com'rs*, 312 F.3d 876, 889 (7th Cir. 2002) ("not only may the federal courts police subject matter jurisdiction *sua sponte*, they must").

Plaintiff James Walker filed a Complaint pro se against the First National Bank of Waterloo in the Central District of Illinois. Doc. 1. He used a form from the Court for pro se litigants. *Id*. When asked to "Indicate below the federal legal basis for your complaint", Plaintiff marked nothing. Id., p. 1. When asked to describe "the FACTS that support your case" and "Describe what each defendant did to violate your federal rights", Plaintiff wrote "I sign a note and it states I waive my jury rights and rights to appeal and then they are telling me who I can and can't talk to." *Id*., p. 5. Plaintiff also filed a copy of a promissory note between himself and Defendant. Doc. 5.

While the Court liberally construes pleadings filed by pro se litigants, Plaintiff's Complaint does not contain a recognizable claim under federal law.  The Court considered the possibility that diversity jurisdiction may exist, but the parties do not appear to be citizens of different states, nor does the amount of controversy appear to be above $75,0000.   The amount of the promissory note is for $70,326.00.    *Id*.    Plaintiff was ordered to file a pleading that states why the Court has subject matter jurisdiction to hear this case; his deadline was March 12, 2014.   Doc. 37.   Plaintiff was warned that his failure to comply with this Order may result in the dismissal of this case.   *Id*.

On March 6, 2024, Plaintiff filed a pleading that stated "the St. Louis U.S. District Court does not have jurisdiction of Effingham.   The case needs transferred to the U.S. District Court in Benton, Il where they have jurisdiction over Effingham." Doc. 38.   The next day, the undersigned entered an Order advising Plaintiff that this case *is* pending in Benton, Illinois.   Doc. 39.   Plaintiff filed nothing further with the Court.

The Court concludes that it does not have subject matter jurisdiction to hear Plaintiff's claim.   This matter is DISMISSED WITHOUT PREJUDICE.   All pending motions are denied as moot. The Clerk of Court is directed enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: March 13, 2024**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**